**Form 149**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Corey J Sarka**
**Valerie L Casteel–Sarka**
   Debtor(s)

Bankruptcy Case No.: 17–70376–JAD
Issued Per June 16, 2017 Proceeding
Chapter: 13
Docket No.: 20 – 2
Concil. Conf.: November 16, 2017 at 11:30 AM

## ORDER OF COURT CONFIRMING PLAN AS MODIFIED
## AND SETTING DEADLINES FOR CERTAIN ACTIONS

*(1.) PLAN CONFIRMATION:*

      IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated May 12, 2017 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑ C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Nov. 16, 2017 at 11:30 AM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H.    Additional Terms: The claim of Northwest Consumer Discount Company at Claim No. 4 shall govern as to amount, to be paid at modified terms per plan, provided, however, the claim to be on reserve pending final confirmation.
The claim of Toyota Motor Credit Corp. at Claim No. 5 shall govern as to amount, to be paid at 10 percent interest in an amount to be determined by Trustee.
Only counsel for a Johnstown Debtor(s) in the Johnstown area may participate in plan conciliation conferences by telephone. Counsel for the Debtor outside of the Johnstown area may appear telephonically, ONLY IF Counsel for the Debtor is responsible for originating the

telephone call to the Chapter 13 Trustee's meeting room, by calling, 412–258–3557 at the time designated for the conciliation conference. If applicable as stated above, any party filing an objection to the plan must make arrangements with counsel for the Debtor to be included in the call, utilizing a third–party conference call service if necessary. The call shall not be placed to the Trustee's meeting room until AFTER all parties have been connected to the call. Only the parties who file and serve timely objections will be included in the telephonic hearing.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: June 26, 2017

Jeffery A. Deller
United States Bankruptcy Judge

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 17-70376-JAD
Corey J Sarka                                                             Chapter 13
Valerie L Casteel-Sarka
        Debtors                         **CERTIFICATE OF NOTICE**

District/off: 0315-7          User: jhel              Page 1 of 2             Date Rcvd: Jun 26, 2017
                              Form ID: 149            Total Noticed: 31

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 28, 2017.
```
db/jdb         +Corey J Sarka,    Valerie L Casteel-Sarka,    267 Huff Street. P.O. Box 218,
                 Dunlo, PA 15930-0218
14421770       +Barclays Bank Delaware,    100 S West St,    Wilmington, DE 19801-5015
14421771       +Belden Jewelers/Sterling Jewelers, Inc,    Attn: Bankruptcy,    Po Box 1799,
                 Akron, OH 44309-1799
14421772       +Berkheimer,    P.O. Box 995,    50 North Seventh Street,    Bangor, PA 18013-1798
14421773       +Capital One,    Attn: Bankruptcy,    Po Box 30253,    Salt Lake City, UT 84130-0253
14421774       +Chase Card,    Attn: Correspondence Dept,    Po Box 15298,    Wilmington, DE 19850-5298
14421775       +Citibank North America,    Citicorp Credit Srvs/Centralized Bankrup,    Po Box 790040,
                 Saint Louis, MO 63179-0040
14421776       +Citibank/The Home Depot,    Citicorp Cr Srvs/Centralized Bankruptcy,    Po Box 790040,
                 S Louis, MO 63179-0040
14421778       +Comenity Bank/Maurices,    Attn: Bankruptcy,    Po Box 182125,    Columbus, OH 43218-2125
14421779       +Comenity Bank/Victoria Secret,    Attn: Bankruptcy,    Po Box 182125,    Columbus, OH 43218-2125
14421777       +Comenity Bank/gndrmtmc,    Po Box 182125,    Columbus, OH 43218-2125
14421780       +Conemaugh Memorial Medical Center,    Attn: Patient Accounting,    1086 Franklin Street,
                 Johnstown, PA 15905-4305
14421781       +Credit Management, LP,    Attn: Bankruptcy,    2121 Noblestown Rd,    Pittsburgh, PA 15205-3956
14421783        DLP, Conemaugh Phys Group,    P.O. Box 644633,    Pittsburgh, PA 15264-4633
14421784       +Edward & Diane Pentrack,    P.O. Box 116,    Dunlo, PA 15930-0116
14421785       +First National Bank,    Attn:  FNN Legal Dept,    1620 Dodge St Mailstop Code 3290,
                 Omaha, NE 68102-1593
14522257       +First National Bank of Omaha,    1620 Dodge St., Stop Code 3105,    Omaha, NE 68197-0002
14421787       +Med Care Equipment Company,    501 W. Otterman Street,    Suite C,   Greensburg, PA 15601-2126
14421788       +Northwest Consumer Discount Company,    PO Box 5487,    Johnstown, PA 15904-5487
14422465       +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14421792      ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court: Toyota Financial Services,     P.O. Box 5855,
                 Carol Stream, IL 60197)
14634324       +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
14421794        UPMC Health Services,    P.O. Box 371472,    Pittsburgh, PA 15250-7472
14421795       +YMCA Johnstown,    100 Haynes Street,    Johnstown, PA 15901-2595
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14520618        E-mail/Text: mrdiscen@discover.com Jun 27 2017 00:26:23      Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH  43054-3025
14421782       +E-mail/Text: mrdiscen@discover.com Jun 27 2017 00:26:23      Discover Financial,    Po Box 3025,
                 New Albany, OH 43054-3025
14421786       +E-mail/Text: ebnsterling@weltman.com Jun 27 2017 00:26:29      Kay Jewelers,    375 Ghent Road,
                 Akron, OH 44333-4600
14421789       +E-mail/PDF: gecsedi@recoverycorp.com Jun 27 2017 00:17:57      Synchrony Bank/ JC Penneys,
                 Attn: Bankruptcy,    Po Box 956060,    Orlando, FL 32896-0001
14421790       +E-mail/PDF: gecsedi@recoverycorp.com Jun 27 2017 00:17:48      Synchrony Bank/Lowes,
                 Attn: Bankruptcy,    Po Box 956060,    Orlando, FL 32896-0001
14421791       +E-mail/PDF: gecsedi@recoverycorp.com Jun 27 2017 00:17:48      Synchrony Bank/Pay Pal Smart Conn,
                 P.O. Box 965005,    Orlando, FL 32896-5005
14421793       +E-mail/Text: bankruptcydepartment@tsico.com Jun 27 2017 00:27:06       Transworld Systems Inc.,
                 Collection Agency,    500 Virginia Drive, Suite 514,    Fort Washington, PA 19034-2707
                                                                                              TOTAL: 7
```

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```
cr              Toyota Motor Credit Corporation
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                TOTALS: 1, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0315-7           User: jhel              Page 2 of 2            Date Rcvd: Jun 26, 2017
                               Form ID: 149            Total Noticed: 31
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 28, 2017                                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 26, 2017 at the address(es) listed below:
          James     Warmbrodt     on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com
          Kenneth P. Seitz    on behalf of Joint Debtor Valerie L Casteel-Sarka thedebterasers@aol.com
          Kenneth P. Seitz    on behalf of Debtor Corey J Sarka thedebterasers@aol.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                         TOTAL: 5
```